MHA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SWAYSEY RANKIN #20090005972,     )
                                 )
             Plaintiff,          )
                                 )
     v.                          )  No. 10 C 691
                                 )
TOM DART, et al.,                )
                                 )
             Defendants.         )

MEMORANDUM ORDER

On December 9, 2009 this Court issued a short memorandum order ("Order") in Case No. 09 C 7580, in which Cook County Jail ("County Jail") inmate Swaysey Rankin ("Rankin") had sued Cook County Sheriff Tom Dart by employing the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by the Clerk's Office for use by inmates. In part the Order explained that Rankin's noncompliance with the provisions of 28 U.S.C. §1915[1] made it impossible for this Court to rule on his application for in forma pauperis status, and it concluded by stating that "if Rankin does not provide the missing materials on or before December 28, 2009, this Court would be constrained to dismiss both the Complaint and this action (but without prejudice)."

Because nothing was forthcoming from Rankin during the allotted time, this Court indeed dismissed the Complaint and Case No. 09 C 7580 (but without prejudice, as promised). Now, more

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

than a month later, Rankin has tendered a refiled Complaint and an accompanying In Forma Pauperis Application ("Application"), improperly captioning those documents with the earlier case number.[2] This Court caused the newly-submitted papers to be assigned a current case number, with the new case being placed on this Court's calendar by direct assignment in compliance with this District Court's LR 40.3(b)(2). With that done, the initial handling of the case can now take place.

To begin with, the average monthly deposits to Rankin's account during the six month period preceding the new filing came to $31.67, 20% of which ($6.33) must be paid as the initial partial filing fee pursuant to Section 1915(b)(1)(A). In addition, the sum of $4.40 must also be remitted to the Clerk's Office to cover the cost of photocopying that Rankin failed to bear when he tendered only an original of his current filings.[3]

Accordingly Rankin is assessed an initial payment obligation of $10.73, and the County Jail trust fund officer is ordered to

---

[2] That was not the limit of Rankin's noncompliance with this District Court's requirements for bringing suit. For one thing, he tendered only an original of each of the two documents, so that neither any copies for service of process nor the required Judge's copy have been furnished. In addition, the enclosed printout reflecting transactions in Rankin's inmate trust fund account was incomplete: It reflected no transactions at all since September 29, 2009. That compelled this Court's minute clerk to telephone the County Jail, which faxed to this Court's chambers a proper printout through the help of a very accommodating member of the staff there.

[3] That amount has been calculated at the bargain rate of $.10 per page for the required three service copies and the Judge's copy.

collect that amount from Rankin's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both the initial payment and all future payments shall clearly identify Rankin's name and the 10 C 691 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Rankin is now or may hereafter be confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to the substance of Rankin's claims, there are several respects in which the preliminary screening provided for in Section 1915A calls for revisions. Here are the problems this Court has spotted:

> 1. Despite the fact that the Order made it plain that Sheriff Dart was not a proper Section 1983 defendant, the current Complaint still names him. Sheriff Dart is therefore dismissed as a defendant.

2. Rankin has made matters worse by adding County Jail Director Salvador Godinez as a putative defendant, even though the Complaint reflects that he (like Sheriff Dart) also played no part in the alleged constitutional deprivations that Rankin claims. Hence Director Godinez is also dismissed as a defendant.

3. Although the Order also pointed out that Rankin's then proposed Count II "fail[ed] to identify anything even approaching a constitutional deprivation cognizable under Section 1983," Rankin has again included a proposed Count II that has the same defect. That Count is also dismissed. With those deletions, the current Complaint will proceed only with the current Count I against the three medical personnel whom Rankin has named.[4]

Finally, this action is set for an initial status hearing at 8:45 a.m. on April 6, 2010. If by then one or more of the defendants has been served with process (as would be expected), that defendant or defendants will be responsible for making Rankin available to participate telephonically in that status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 3, 2010

---

[4] This memorandum order should not be misunderstood as expressing any view (1) as to the ultimate viability of that Count I claim or (2) as to whether any of the named doctors bears personal responsibility, as Section 1983 requires.