```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

SWAYSEY RANKIN #20090005972,    )
                                )
              Plaintiff,         )
                                )
     v.                         )      No.  10 C 691
                                )
TOM DART, et al.,               )
                                )
              Defendants.        )
```

<u>MEMORANDUM ORDER</u>

Three doctor defendants in this 42 U.S.C. §1983 ("Section 1983") action brought pro se by Swaysey Rankin ("Rankin") have filed a joint Answer to Rankin's Complaint.  On the constructive side, defense counsel has separated Rankin's uninterrupted narrative in his Complaint Part IV ("Statement of Claim") into consecutively numbered sentences, thus facilitating the ability of the reader to follow Rankin's allegations and the doctors' responses.

But that said, what has emerged in the Answer is simply not credible in one or more respects.  All but one of the 22 allegations in the Complaint has been met with an outright denial, while the 22d has drawn a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer.  Even apart from the obvious fact that the denial of an allegation as to which a defendant has had no personal involvement is necessarily based on hearsay plus a ratification of the informant's credibility, any answer in those stark terms portrays the Complaint as a total fabrication--an

outright lie.  That may be so, but it seems very unlikely in light of the particularized nature (including specific dates) of a number of Rankin's allegations.

If it were to turn out that it is defendants' blanket denials rather than the entirety of those allegations that are a fabrication, this Court would have to entertain the possibility of Rule 11 sanctions against defendant or their counsel or both. This Court is of course not making any findings as to Rankin's believability--but the constant stream of defendants' denials as to <u>all</u> of his allegations seems highly problematic.  For example:

1.  There appears to be no way in which these doctors, assigned as they are to the County Jail, have personal knowledge as to the allegation in Complaint ¶3, which relates to something that assertedly happened while Rankin was in custody at the Illinois Department of Corrections. Nor, by the same token, could they have personal knowledge of the allegations in Complaint ¶¶14 and 22, which appear to refer to "staff" other than these three doctors.

2.  Allegations with specific dates attached (see, e.g., Complaint ¶¶4, 5, 8 and 19) sound plausible, rather than being fabricated out of whole cloth.

3.  Just how can defendants deny allegations about Rankin's condition (see, e.g., Complaint ¶¶11 and 20) if they haven't attended to his asserted ailments, as their other denials suggest?

4. Complaint ¶17 alleges Rankin's treatment at the Cermak Medical Facility, something that is normally recorded as part of such a facility's recordkeeping practices. Does the doctors' denial mean to say that nothing of the sort occurred?

This order could go on to look at other allegations, but what has been said should suffice to demonstrate a serious doubt whether this Answer--with 21 of its 22 responses being flat-out denials of the Complaint's allegations--has been advanced in the objective good faith demanded of every litigant and lawyer under Rule 11(b).

There is, however, one aspect of the response that calls for prompt input from Rankin. AD 3 asserts his failure to have exhausted all administrative remedies, a requirement that is made a precondition to any prisoner lawsuit under 42 U.S.C. §1997e(a)(a statutory provision that has been miscited by defense counsel). Rankin is ordered to provide an appropriate showing of his efforts (if indeed there were any) to obtain administrative relief before he brought this action. If no such submission were to be filed on or before June 21, 2010, this Court would be constrained to dismiss the action on that ground.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 2, 2010